# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO JOSEPH MCKENDALL | CIVIL ACTION |
| VERSUS | NO: 08-1719 |
| ST. TAMMANY PARISH JAIL, ET AL. | SECTION: "S" (4) |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**.

## I.     Factual Background

The Plaintiff, Antonio McKendall ("McKendall") was a prisoner housed in the St. Tammany Parish Jail. He filed this *pro se* and *in forma pauperis* complaint against St. Tammany Parish Jail, Deputy Devenport, Nurse Scarlette, and Nurse Rebecca, seeking monetary damages for the injuries he sustained on March 3, 2008.

McKendall alleges that he was walking to use the phone and while doing so, he slipped on water that was on the floor. According to McKendall, the water was coming from the Coca-Cola machine on the C-800 Dorm. He alleges that when he slipped and fell, he hit the back of his head.

After falling, Deputy Devenport came to the scene and, approximately three minutes later, Nurse Scarlette and Nurse Rebecca arrived at the scene. He alleges that other deputies came to see about him. He was then wheeled to medical, where the nurses treated him by giving him an ice pack for the knot on the back of his head and Ultram, a pain reliever, for his back pain.

He alleges that two days later the nurses provided him with Flexeril, a muscle relaxer, for his neck. McKendall seeks both compensatory and punitive damages as a result of his injury and wants the Coca Cola machine, which prison officials knew was leaking, repaired or replaced.

## II.     Standard of Review

Title 28, U.S.C. § 1915(e) requires the court to sua sponte dismiss cases filed *in forma pauperis* upon a determination that the action is frivolous. Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989).

However, the court may not sua sponte dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint. The court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

For purposes of § 1915(e), an action lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Therefore, the Court must determine whether McKendall's complaint is based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see also Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III. Analysis

### A. Conditions of Confinement

Section 1983 grants the right to redress for those individuals whose constitutional rights have been violated by a person acting under color of state law. In order to succeed on a claim under § 1983, the plaintiff must prove both the constitutional violation and that the action was taken under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Daniels v. Williams*, 474 U.S. 327 (1986); *Polk County v. Dodson*, 454 U.S. 312 (1981). Section 1983 does not provide a remedy for negligent acts or violations of a duty of care arising out of tort law. *Baker v. McCollan*, 443 U.S. 137, 146 (1979); *Daniels*, 474 U.S. at 328.

Assuming that a water leak from the Coca Cola machine is a "condition" of the jail, McKendall has not alleged or established facts sufficient to give rise to a violation of his constitutional rights. As a pretrial detainee, the Constitution protects him from an impermissible condition of confinement, only if that condition amounted to punishment. *Bell v. Wolfish*, 441 U.S. 520, 537 (1979). He has not asserted that the jail's failure to stop the water from leaking from the Coca Cola machine was intended as punishment. Therefore, McKendall has failed to allege a constitutional violation based upon the condition of the jail.

### B. St. Tammany Parish Jail

McKendall named the St. Tammany Parish Jail as a Defendant in this proceeding. He does not, however, assert particular allegations against the jail. Nevertheless, even if he were to allege certain allegations, the claim against the St. Tammany Parish Jail, must fail.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law." Title 42 U.S.C. § 1983; *see Will v. Mich. Dep't of State Police*, 491 U.S. 58

(1989). Under federal law, a county (or parish) prison facility is not a "person" within the meaning of the statute. *Cullen v. DuPage County*, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). Thus, the St. Tammany Parish Jail itself is clearly not a proper Defendant in this case.

In addition, a parish prison and its departments are not proper Defendants, because they lack the capacity to sue or be sued as required by Rule 17(b) of the Federal Rules of Civil Procedure and state law. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

Although Louisiana courts have not ruled on the issue of whether a Parish jail, or its departmental units, is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court in *Roberts* stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather, the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

4

*Roberts*, 634 So. 2d at 346-47. In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* court focused its analysis on the independent management, financing, and operations of the Board. *See id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 616 (La. App. 3d Cir. 1994), *writ denied*, 650 So. 2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeal held that under the *Roberts* analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the court expressly found "no authority, constitutional, statutory, or via home rule charter that authorizes the Lafayette City Council to institute of its own motion, a lawsuit." *Id*. at 613.

Furthermore, Louisiana law divides the responsibility for its Parish jails. The Parish is charged with its jails' physical maintenance. La. Rev. Stat. Ann. § 15:702. However, the duty to administer and operate the jails falls on the Sheriff of each Parish. La. Rev. Stat. Ann. § 15:704. The office of Sheriff is a constitutionally created office in Louisiana, existing separately from the Parish government. La. Const. art. 5 § 27; *see Langley v. City of Monroe*, 582 So. 2d 367, 368 (La. App. 2d Cir. 1991) (holding that the Parish could not be liable for injuries attributed to the sheriff).

Under the *Roberts* framework, the jail facilities are not "legally empowered to do" anything independently of either the respective Parish officials or the Parish Sheriff. *See Roberts*, 634 So. 2d at 347. The prison is not a separate entity, but merely a shared branch or facility of these greater entities.

Thus, a parish jail is "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998)(dismissing with prejudice the St. Tammany Parish Jail as an improper defendant). Accordingly, McKendall's claims against the St. Tammany Parish Jail

5

should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

### C. Claim against Nurses Rebecca and Scarlette

It is unclear from the Complaint whether McKendall is attempting to allege that the prison officials were deliberately indifferent to his serious medical needs. However, he does allege that shortly after he slipped and fell, the nurses came and provided him with medical care and also took him to the medical unit for treatment. He confirms that they provided him with an ice pack, pain medication, and a muscle relaxer. Nevertheless, he named them as Defendants in this matter.

The standard of conduct imposed on defendants with respect to medical care of inmates was clearly established by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97 (1976). In *Estelle*, the Court held that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary wanton infliction of pain," proscribed by the Eighth Amendment. *Id.* at 104. This is true where the indifference is manifested by prison doctors in their response to the prisoner's needs. It is also true where the indifference is manifested by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Id.*

In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Id.* Further, disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton*, 122 F.3d at 292. Therefore, inadequate medical treatment of inmates may, at a certain point, rise to the level of a constitutional violation, while malpractice or negligent care does not. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) ("It is clear that negligent medical treatment is not a cognizable basis upon which

to predicate a section 1983 action"); *Williams v. Treen*, 671 F.2d 892, 901 (5th Cir. 1982) ("mere negligence in giving or *failing to supply* medical treatment would not support an action under Section 1983" (emphasis added)); *see also Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989).

In addition, the mere delay alone in receiving medical treatment is usually not sufficient to state a claim under § 1983. *Mendoza*, 989 F.2d at 195; *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990); *Simmons v. Clemons*, 752 F.2d 1053, 1056 (5th Cir. 1985). Regardless of the length of the delay, the plaintiff at a minimum must show deliberate indifference to a serious medical need to rise to the level of a constitutional violation. *Wilson v. Seiter*, 501 U.S. 294 (1991); *see also Estelle,* 429 U.S. at 104-05.

In the case at bar, McKendall does not allege facts sufficient to rise to the level of a constitutional violation. Accepting his allegations as true, he was examined by a nurse within a few minutes after the fall. While he alleges that he injured his back during the fall, he confirms that they provided him with care including Flexeril to treat the muscle pain he experienced. He does not specify that he had any urgent conditions while in St. Tammany. He does not allege that his treatment was delayed in any respect. Nevertheless, even if there was a delay in receiving medical care from a doctor, rather than a nurse, such a claim does not rise to the level of a constitutional violation. *See Smith v. Montefiore Med. Ctr.- Health Servs. Div.*, 22 F. Supp.2d 275 (S.D.N.Y. 1998).

McKendall has not alleged an intentional indifference by the named Defendants that resulted in the denial of needed medical care. Therefore, his medical indifference claims are frivolous.

### D. Deputy Devenport

McKendall also named Deputy Devenport as a Defendant in this matter. However, the only allegation set forth in his Complaint is that Devenport came to the scene first and that the nurses

7

arrived a few minutes after him. The allegation against Devenport is against him in his official capacity as an officer and employee of the St. Tammany Parish Jail. However, he can be liable under § 1983 in his official capacity, only if his actions were in execution of an unconstitutional Parish policy or custom which inflicted injury or damage upon the plaintiff. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

The plaintiff, therefore, must allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury or damage. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds, Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986). To establish official capacity liability, McKendall is required to establish the existence of such a policy and that the officers were executing the established policy. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.), *on reh'g*, 739 F.2d 993 (5th Cir. 1984); *see also Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997). A review of his allegations reflects that he has not alleged that St. Tammany Parish Jail has a practice, policy, or custom which led to the alleged constitutional violations.

Even under the broadest reading, McKendall has not shown that a policy, practice or custom led to his slip and fall or that Deputy Devenport had anything to do with it. His allegations raise nothing more than negligence. *See Marsh v. Jones,* 53 F.3d 707, 712 (5th Cir.1995) (inmate's allegation that leaking air conditioning unit made floor wet, resulting in prisoner slipping and falling, is a garden-variety negligence claim, not deliberate indifference); *see also LeMaire v.. Maass*, 12 F.3d 1444, 1457 (9th Cir.1993) ( "slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment." ). The negligent act of an official that causes loss or injury will not state a claim under § 1983. See *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Plaintiff's claims

do not present issues of federal constitutional dimension and should be dismissed. *See McLaughlin v. Farries*, 122 Fed. Appx. 692, 693 (5th Cir.2004); *Allen v. Herrera*, 2006 U.S. Dist. LEXIS 75292, 13-14 (D.Tex.2006). For this reason, McKendall's claim against Devenport is frivolous.

## IV. Recommendation

McKendall has failed to allege a constitutional violation cognizable under Section 1983 arising from the slip and fall.

It is therefore **RECOMMENDED** that the Plaintiff, Antonio Joseph McKendall's claims against the Defendants, St. Tammany Parish Jail, Nurse Rebecca, Nurse Scarlette and Deputy Devenport be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 2nd day of April, 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**